**2011 BNH 005**     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                              Bk. No. 09-11671-JMD to
                                                                                                          Bk. No. 09-11673-JMD

Charles Kenneth McLaughlin and
Charletta Lee McLaughlin,                                                    Jointly Administered
                Debtors                                                           Chapter 11

Charles McLaughlin Family
Limited Liability Partnership,
                    Debtor

Shamrock Builder, LLC,
                    Debtor


*Peter V. Doyle, Esq.*
*Shaines & McEachern*
*Portsmouth, NH*
*Attorney for Debtor, Esq.*

*Robert C. Wunder, Esq.*
*The Law Office of Robert C. Wunder P.L.L.C*
*Dover, NH*
*Attorney for Middleton Building Supply, Inc.*

*Thomas R. Walker, Esq.*
*Walker & Varney P.C.*
*Wolfeboro, NH*
*Attorney for People's United Bank f/k/a Ocean Bank*


## MEMORANDUM OPINION

### I. INTRODUCTION

On November 23, 2010, the Court authorized the sale of Charles McLaughlin's and Charletta McLaughlin's (the "Debtors") property located at 389 Witchtrot Road, Wakefield, NH (the "Property") for $60,000.00 (Doc. No. 320) (the "Order").  The sale was approved over the

objection of Middleton Building Supply, Inc. ("Middleton") (Doc. No. 310) (the "Objection").
In its Objection, Middleton claimed it has a validly perfected first priority mechanic's lien on the
Property and is entitled to $15,229.16 in proceeds from the sale (the "Disputed Proceeds").
People's United Bank f/k/a Ocean Bank (the "Bank") responded to the Objection (Doc. No. 311)
(the "Response") disputing Middleton's claim to priority over the Bank with respect to any
portion of the Disputed Proceeds.

     Prior to the bankruptcy, the Bank obtained a $500,000.00 attachment on the Debtors' and
their related entities' real property located in Carroll County. As a result, the Bank states that it
is entitled to all of the proceeds of the sale, including the Disputed Proceeds.[1] Because the
parties were only questioning the rights to the Disputed Proceeds and not the merits of the sale
itself, the Court entered the Order authorizing the sale and directed the Debtors to place the
Disputed Proceeds in escrow until resolution of the dispute between Middleton and the Bank.

     The Court directed the parties to file a joint motion and a proposed procedural order
regarding the resolution of the rights to the Disputed Proceeds (Doc. No. 318). The Court
scheduled a two-hour evidentiary hearing on February 17, 2011 (Doc. No. 329), which was
continued to March 10, 2011 (Doc. No. 357). At the hearing, the parties made oral arguments
and stipulated to Middleton's submission of seven exhibits as evidence. The questions before
the Court are: 1) did Middleton establish a mechanic's lien on the Property; 2) did Middleton
validly perfect a mechanic's lien on the Property; 3) does any validly perfected mechanic's lien

---

[1] The Bank agreed to disburse 20% of the proceeds to the Debtors. The Disputed Proceeds are part of the remaining 80%.

have priority over the Bank's lien; and 4) was Middleton prevented from perfecting a mechanic's lien by the automatic stay.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

On April 10, 2009, the Bank obtained a $500,000.00 writ of attachment from Carroll County Superior Court which was perfected as to real estate the same day. See Doc. No. 34 Ex. A. The attachment covered all bank accounts and real property in Carroll County owned by the Debtors, Muffy, Wakefield, LLC, Balch Lake Dockominiums Association, McLaughlin Family Revocable Trust, Charles K. McLaughlin and Charletta L. McLaughlin, Trustees. In the Bank's petition for attachment, the Bank claimed that the Debtors fraudulently transferred the property to Muffy.[2] The Bank alleges that Muffy voluntarily transferred the Property back to the Debtors on June 15, 2009, due to the fraudulent conveyance.[3] On July 7, 2009, the Debtors filed a motion to avoid the Bank's attachment (Doc. No. 34) as a preference. The Court denied the

---

[2] Middleton submitted exhibit 7, which is a copy of a warranty deed that transferred the Property from the Debtors to Muffy on March 24, 2009.

[3] The record is void of any evidence that proves the transfer of the Property from Muffy back to the Debtors. However, Middleton does not disagree with the Bank's allegation and the question of the conveyance is not material to a resolution of the dispute between Middleton and the Bank. Accordingly, for the purposes of this opinion, the Court shall assume that the Property was conveyed to the Debtors.

Debtors' motion in an order and memorandum opinion dated September 3, 2009 (Doc. Nos. 64 & 66).

Middleton claims to hold a valid perfected mechanic's lien on the Property as a result of having supplied the Debtors materials for construction on the Property in April of 2009. Middleton submitted sixteen invoices in exhibit 1 as evidence of the value and dates it supplied materials. One of the sixteen invoices reflects an order on April 8, 2009, two days before the perfection of the Bank's attachment. The fifteen remaining invoices were for orders placed after April 10, 2009. The invoices reveal that materials were delivered between April 17, 2009 and May 6, 2009. The last invoice was dated April 30, 2009.

On May 15, 2009, Middleton allegedly perfected its mechanic's lien on the Property by obtaining a writ of attachment from the Carroll County Superior Court and recording it in the Carroll County Registry of Deeds. Middleton submitted exhibits 3-6 as evidence of the valid perfection of its mechanic's lien. Exhibit 4 includes the ex parte petition for attachment, the writ of summons, and the sheriff's return of service. The petition for attachment requests attachment of property at "2074 Witchtrot Road, Wakefield, NH for purposes of a mechanic's lien, as recorded at the Carroll County Registry of Deeds in Book 2772, page 0905." The Property is located on Witchtrot Road in Wakefield, New Hampshire, but not at 2074 Witchtrot Road. However, the book and page reference in the petition to attach correctly identifies the deed for the Property. The sheriff's return of service states that she attached all of the property of Muffy in Carroll County and more specifically the property at "Witchrot Road in Wakefield, New Hampshire as described in Book 2772, Page 0905."

4

Middleton insists it has a validly perfected mechanic's lien on the Property. Middleton also claims its mechanic's lien has priority over the Bank's lien and thus Middleton is entitled to the Disputed Proceeds. The Court took the matter under advisement.

### III. DISCUSSION

The current dispute involves competing interests over a portion of the proceeds from the sale of the Property by the Debtors. An "entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p)(2). Where Congress is silent on the burden of proof in civil litigation, the preponderance of the evidence standard is applicable. Grogan v. Garner, 498 U.S. 287, 286 (1991). Also, "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. U.S., 440 U.S. 48, 54 (1979). The Bank's lien was previously scrutinized by the Court in a dispute with the Debtors (see Doc. No. 64) and the perfection of the lien has not been challenged by Middleton. The issue before the Court is whether, under New Hampshire law, Middleton's mechanic's lien was properly created and perfected and if so, does the mechanic's lien have priority over the Bank's lien. The burden of proof is on Middleton to prove its right to the Disputed Proceeds. The value of the Bank's lien exceeds the total proceeds from the sale of the Property. Accordingly, Middleton's mechanic's lien must have priority over the Bank's lien if Middleton is to recover any of the Disputed Proceeds.

Mechanic's liens are governed by state law. In New Hampshire, any person who performs labor or furnishes materials to the amount of $15 or more for erecting a house, by virtue of a contract with the owner, shall have a lien on any material furnished and on said

structure. NH RSA 447:2. The mechanic's lien arises by operation of law when the labor or materials are furnished. Couillard v. O'Connor, 97 N.H. 89, 91 (1951); Pike v. Rackley, 60 N.H. 469 (1881) ("The lien is a creation of statute, and attaches to the building and the interest of the owner in it by force of statute); see also Whitefield Vill. Fire Dist. v. Bobst, 93 N.H. 229, 231 (1944). "The essential requisites of the lien are furnishing the lumber or materials for the building or appurtenances under a contract with the owner . . ." Pike, 60 N.H. at 469. The contract does not need to be in writing and may be implied from the furnishing of materials which were used in the construction of the building. Diamond Match Co. v. Hobbs' Trust, 98 N.H. 97 (1953). Once a lien is created, it will expire unless it is perfected in a timely manner after completion of the contract.

To perfect a mechanic's lien, a party must acquire an attachment after the contract is completed on the specific property to which it supplied materials. Upon completion of the contract from which the mechanic's lien arose, a single indivisible lien for the whole is created. Boulia-Gorrell Lumber Co. v. East Coast Realty, 84 N.H. 174 (1929). The mechanic's lien continues for 120 days after completion of delivery of goods or performance of services under the contract. The lien must be perfected before it expires. NH RSA 447:9. The time starts to run not from the date the mechanic's lien accrues but from when the final bill is sent or the last work is completed under the contract. Tolles-Bickford Lumber Co. v. Tilton Sch., 98 N.H. 55, 58, (1953); Pike, 60 N.H. at 469. In order to continue or secure the mechanic's lien, the lien holder must attach the property by "writ and return thereon distinctly expressing that purpose," within the 120 day period. NH RSA 447:10. After the mechanic's lien is validly perfected, it has priority over any interests that were created after the mechanic's lien first arose.

New Hampshire is a race-notice jurisdiction regarding priority of interests in real property.  In re Chase, 388 B.R. 462, 467 (Bankr. D.N.H. 2008); Amoskeag Bank v. Chagnon, 133 N.H. 11, 14 (1990).  Every deed, conveyance of real estate, or court order that affects title to any interest in real estate shall be recorded in the registry of deeds for the county in which the real estate lies.  NH RSA 477:3a.  "[A] purchaser or creditor has the senior claim if he or she records without notice of a prior unrecorded interest."  Amoskeag,  572 A.2d at 1155.  All creditors are held to be on constructive notice of any properly recorded interest.  Id.  In addition, creditors cannot have a senior claim where they have actual notice of an unrecorded interest.  Id.  A party is deemed to have actual notice if an investigation would show the existence of an interest in property.  Id.

The legislature may create an exception to the perfection and priority laws regarding specific types of liens.  Whitefield, 39 A.2d at 567.  Where the legislature is silent as to priority, the general rules apply.  Id. at 568.  For example, priority amongst several mechanic's liens on the same property is addressed in NH RSA 447:11 and 447:12.  Mechanic's liens also have priority over all construction mortgages, regardless of timing.  NH RSA 447:12-a.  Furthermore, mechanic's liens are different from judicial liens in that they arise by operation of law and the attachment merely continues or secures the lien.  NH RSA 447:10.  Yet, nothing in the mechanic's lien statute exempts mechanic's lien holders from the general rule of first in time first in right against a prior recorded judicial lien.  As a consequence, a supplier who provides materials to a property with a properly recorded lien on it is on notice of a senior interest and may be subject to that lien.  The Court shall examine the date of priority of Middleton's lien, assuming that it is properly perfected.

Under the statute, a mechanic's lien arises when a supplier furnishes materials for the construction of a building.  Here, the supplies were first ordered on April 8, 2009, but the items were first delivered on April 17, 2009.  The priority of Middleton's lien rests on when the Court determines the materials were furnished.  The New Hampshire Supreme Court has repeatedly stated that the language of a statute must be examined under its plain and ordinary meaning.  City of Rochester v. Corpening, 153 N.H. 571, 573 (2006); Carignan v. N.H. Int'l Speedway, 151 N.H. 409, 419 (2004).  Thus, the Court will look to the plan meaning of the term "furnish."

According to Webster's Dictionary, to furnish means "to provide or supply with what is needed."  Webster's Third International Dictionary 922 (1981).  To supply is defined as "the act, process, or an instance of filling a want or need or of providing someone or something."  Id. at 2297.  A builder's need for materials is not satisfied until those materials arrive at the construction site.  Therefore, Middleton first furnished materials when it actually delivered them to the Property, not when the materials were ordered.  As a result, Middleton's mechanic's lien arose the day the materials were first furnished or April 17, 2009.  Since Middleton's mechanic's lien arose seven days afer the Bank's attachment, its claim is junior to the Bank.

## IV.  CONCLUSION

Middleton presented arguments and evidence to the Court that it is entitled to the Disputed Proceeds because it has a validly perfected first priority mechanic's lien.  However, as a matter of law, Middleton mechanic's lien, even if validly perfected, would be junior because it arose after the Bank attached and recorded its lien.  The amount of the Bank's lien exceeds the sale price of the Property.  Thus, the Bank is entitled to all of the Dispute Proceeds.

Accordingly, the Debtors shall release the Disputed Proceeds to the Bank.  The remaining issues are moot.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

     ENTERED at Manchester, New Hampshire.


Date:   May 4, 2011                        /s/ J. Michael Deasy
                                                J. Michael Deasy
                                                Bankruptcy Judge